```
MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for defendant,
Angelina Swan Collection, Inc.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDA ENTERPRISE CORPORATION, a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANGELINA SWAN COLLECTION, INC., a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>　　　　Defendant. | **Civil Case No. 2:22-cv-915-ODW-JCx**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing:**<br>Date: March 20, 2023<br>Time: 1:30 pm<br>Judge: Honorable Otis D. Wright II,<br>　　　U.S District Judge<br>Courtroom: Courtroom 5D, 5th Floor |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................4

I.   INTRODUCTION ..............................................................................................4

II.  IT IS UNDISPUTED THAT THERE IS NO LIKELIHOOD OF CONFUSION BETWEEN VIDA'S MARKS AND ASC'S MARK. ....................5

   A. <u>Vida Provides No Evidence that the ANGELINA and SWAN Trademarks Are Conjoined by the Consuming Public</u>. ........................................5

   B. <u>The Parties' Goods Are Wholly Unrelated</u>. ................................................6

   C. <u>The Parties Use Different Marketing Channels</u>. .........................................7

   D. <u>The Degree of Consumer Care for ASC'S Products is High</u>. ....................7

   E. <u>Vida Enterprises Falsely Claims Without Evidence That ASC Registered the Domain Name AngelinaSwann.com Before Filing Its Trademark Application</u>. ..........................................................................................................8

   F. <u>Vida Offers No Evidence that It Will Expand to Sell Geles</u>. ....................8

III. CONCLUSION .................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*J.B. Williams Co. v. Le Conte Cosmetics, Inc.*,
   523 F.2d 187 (9th Cir. 1975)...................................................................................6

*Murray v. Cable Nat. Broadcasting Co.*,
   86 F.3d 858 (9th Cir. 1996).....................................................................................6

*Schering-Plough Healthcare Prods. Inc. v. Ing-Jing Huang*,
   84 U.S.P.Q.2d 1323 (TTAB 2007)......................................................................4, 5

*Toho Co. v. Sears, Roebuck & Co.*,
   645 F.2d 788 (9th Cir. 1981)...................................................................................6

**Other Authorities**

Ninth Circuit Model Civil Jury Instructions 15.18..............................................7, 8

Ninth Circuit Model Jury Instruction, 15.18(6)......................................................7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Vida Enterprise Corporation ("Vida" or "Plaintiff") has failed to offer evidence[1] supporting its claim that defendant Angelina Swan Collection, Inc. ("ASC") and its use of its S ANGELINA SWANN (+design) mark for geles costing in excess of $140 is likely to cause confusion with Vida's use of ANGELINA and SWAN on beanies and hats costing approximately $4 each. *Compare* DSS, ¶4 and DSS, ¶9. Instead, Vida, rather than comparing its goods to ASC's goods, offers a false comparison between ASC's goods and random third-party search results. Dkt. #35, pp. 1-2 and 12-13. Vida then claims that its ANGELINA and SWAN marks are used conjointly but fails to offer any evidence that the marks are being currently advertised together or "have come to be associated together as indications of origin in the mind of the buying public." *Schering-Plough Healthcare Prods. Inc. v. Ing-Jing Huang*, 84 U.S.P.Q.2d 1323 (TTAB 2007). Vida claims, without evidence, that it is likely to expand into the gele market and claims without evidence that ASC knew of Vida's ANGELINA and SWAN marks when it adopted its S ANGELINA SWANN (+design) mark. Vida even makes the sweeping claim that because both parties sell products "on the internet" and "on social media" that they use the same channels of distribution. Dkt. #35, p. 15. No reasonable jury would find in Vida's favor on its trademark infringement claim. ASC respectfully requests entry of summary judgment against Vida.

---

[1] In fact, the only "testimony" provided by plaintiff is from its counsel, a witness with no foundation or ability to authenticate Vida's corporate records.

## II. IT IS UNDISPUTED THAT THERE IS NO LIKELIHOOD OF CONFUSION BETWEEN VIDA'S MARKS AND ASC'S MARK.

Vida has failed to offered evidence of a genuine dispute of material fact for the *Sleekcraft* analysis for likelihood of confusion. The factors clearly weigh in favor of ASC and a lack of confusion.

### A. Vida Provides No Evidence that the ANGELINA and SWAN Trademarks Are Conjoined by the Consuming Public.

Vida's initial premise, namely that its ANGELINA and SWAN marks are conjoined, is wholly unsupported by evidence. Vida cites *Schering-Plough Healthcare Prods. Inc. v. Ing-Jing Huang*, 84 U.S.P.Q.2d 1323 (TTAB 2007) which holds that, to find marks conjoined, two factors must be established:

1. The marks have been *and still are being used together* on a single product or together in marketing such as in advertising and promotion.
2. The marks have been and are still being used together in such a way that they have come to be associated together as indications of origin *in the mind of the consuming public*.

*Id.* (emphasis added.)  For the first factor, Vida cites only its Exhibit H.  Dkt. #35, p. 21 and Dkt. #35-9.  However, Vida's Exhibit H, comprising only 9 pages, either has undated pages (2, 4, 6, 8, 10, 11-15) or dated only 2011 (p. 3), 2012 (p. 5), 2014 (p. 7) and 2015 (p. 9.).  *See* Dkt. #35-9.  Thus, Vida has failed to establish the first factor that the marks are still being used together as the most recent use of both marks together offered is from *seven (7)* years ago.  Dkt. 35-9, p. 9.

Vida also fails to establish the second factor that the marks ANGELINA and SWAN have come to be associated together *in the mind of the consuming public.* Vida has provided no survey evidence, consumer testimony or any other evidence regarding whether consumers associate the ANGELINA and SWAN marks together as a source indicator.  Thus, Vida's marks should not be used together in

any analysis with ASC's S ANGELINA SWAN (+design) mark. Accordingly, the marks at issue are different in sight, sound and meaning. This factor weighs in favor of ASC and entry of summary judgment.

### B. The Parties' Goods Are Wholly Unrelated.

Vida has failed to offer evidence that the goods at issue are at all related. The unrelated nature of the goods at issue is particularly important because when the parties' goods are unrelated, there is no likelihood of consumer confusion as a matter of law. *Murray v. Cable Nat. Broadcasting Co.*, 86 F.3d 858, 861 (9th Cir. 1996); *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790-91 (9th Cir. 1981); *J.B. Williams Co. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187, 190-193 (9th Cir. 1975).

Vida compares ASC's "Jimruna" gele to third-party Hat Depot's "oversized beanie" and ASC's "Nkechi" gele to third-party Keyshia Cole's "Head Wrap… Beanie." Dkt. #35, p. 13 – Dkt. #35-21 to Dkt. #35-18 and Dkt. #35-22 to Dkt. #35-8. However, the comparison is irrelevant to a likelihood of confusion analysis. *See* Ninth Cir. Model Civil Jury Instruction No. 15.18. The relevant portion of the jury instruction reads:

> "If *the Defendant and Plaintiff* use their trademarks on the same, related, or complementary kinds of services there may be a greater likelihood of confusion about the source of the goods than otherwise."

*Id.* (emphasis added). Here, plaintiff Vida does not compare its goods to ASC's goods and offers no evidence that Vida's products are related to ASC's products. Instead, it shows ASC's products that sell for $140 and $200 respectively against third-party products that sell for $11.99 and $6.99 respectively. *See* Dkt. #35-21 to Dkt. #35-18 and Dkt. #35-22 to Dkt. #35-8. This is an irrelevant comparison. The goods are unrelated as a matter of law and this factor supports entry of summary judgment against plaintiff.

### C. The Parties Use Different Marketing Channels.

Plaintiff Vida acknowledges that it sells its products via Amazon and Wal-Mart and acknowledges that ASC sells its products on its own website. However, Vida claims that because both parties sell products via a website and social media that somehow confusion is likely. This defies common sense. The vast majority of companies in the 21st century have websites and social media accounts, whether those companies sell lasers, farm equipment or pet toys. Vida offers no authority that this is the "similarity" referred to in Ninth Circuit Model Jury Instruction, 15.18(6). There is no evidence that the parties' goods would ever be sold in the same or similar channels.

### D. The Degree of Consumer Care for ASC'S Products is High.

Vida fails to present relevant evidence as to consumer sophistication and degree of care regarding *ASC's* goods. The relevant portion of the Ninth Circuit Model Civil Jury Instructions reads: "The more sophisticated the potential consumers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused by similarities in the Plaintiff's or Defendant's trademarks." Ninth Circuit Model Civil Jury Instructions 15.18. ASC's products sell for between $140 to $520 and are a highly stylized product. DSS, ¶3. ASC's customers are sophisticated and purchase these goods with considerable care. DSS, ¶15. Conversely, Vida Enterprises' beanies and socks are sold for less than $5 each and/or are sold in bulk packs. DSS, ¶¶9-10. In response, Vida again cites only third-party products and pricing. *See* Dkt. #35, pp. 16-17. The "goods at issue" are not third-party geles sold at $2.70. ASC's geles are sold at more than *fifty times* that amount. DSS, ¶3. A potential consumer of ASC's goods is clearly going to spend more time and care when buying a product this specialized and at that cost. Conversely, Vida has offered no evidence that its

purchasers of $6 beanies are likely to buy $140 to $520 geles and be confused as to that products' source. This factor clearly weighs in ASC's favor and supports summary judgment.

### E. Vida Enterprises Falsely Claims Without Evidence That ASC Registered the Domain Name AngelinaSwann.com Before Filing Its Trademark Application.

Vida has provided no evidence that ASC intended to trade on the goodwill of Vida's ANGELINA and/or SWAN trademarks. DSS, ¶17. The claim that defendant's angelinaswann.com domain was registered before filing its trademark application is false. *See* Reply Decl. of Okengwu, ¶2 and Reply Exhibit 1. It is undisputed that the domain was not registered by ASC until April 2, 2022. *Id.*

More importantly, Vida has offered no evidence that ASC was aware of Vida's ANGELINA or SWAN marks when it adopted its S ANGELINA SWANN (+design) mark. Defendant had no intent to trade on the goodwill of plaintiff's marks. This factor also weighs in ASC's favor and supports summary judgment.

### F. Vida Offers No Evidence that It Will Expand to Sell Geles.

Vida claims that "There is a Great Likelihood of Expansion of Its Product Line…". Dkt. #35, p. 20. However, it fails to cite any evidence supporting this position. *Id.* The Ninth Circuit jury instruction for the last *Sleekcraft* factor states "When the parties' products differ, you may consider how likely the plaintiff is to begin selling the goods for which the defendant is using its trademark. If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion." Ninth Circuit Model Civil Jury Instruction, 15.18. Vida cites no evidence that it intends to sell geles. DSS, ¶18. Notably, not a single officer of Vida Enterprise Corporation has offered a declaration in opposition to ASC's motion for summary judgment. Vida states:

"Given the relatively strong sales of beanies *for men* in the past few

years, the expansion for use of the SWAN brand in goods and services related to headwear is ongoing and definitive."

Dkt. #35, p. 20 (emphasis added). Vida cites no evidence supporting this statement. *Id.* Moreover, ASC's geles are sold to *women*. DSS, ¶3 (Exhibit 8). This factor supports summary judgment against plaintiff.

Accordingly, there is no genuine issue of material fact regarding likelihood of confusion and summary judgment should entered against plaintiff's claims accordingly.

## III. CONCLUSION

For the foregoing reasons and those put forth in defendant's moving papers, defendant ASC respectfully requests that the Court grant summary judgment in its favor and against all claims asserted by plaintiff Vida Enterprises in this action.

Respectfully Submitted,

**MANDOUR & ASSOCIATES, APC**

Dated: March 6, 2023

     /s/ Ben T. Lila
Ben T. Lila
Email: blila@mandourlaw.com
Attorneys for defendant,
Angelina Swan Collection, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the below date I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the same on the parties.

Date: <u>March 6, 2023</u>

                                         /s/ Ben T. Lila
                                        Ben T. Lila
                                        Email: blila@mandourlaw.com